IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                               No. CR 08-2573 JB

REGINALD LAMONT HALL,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed April 1, 2010 (Doc. 35). The Court held a sentencing hearing on May 3, 2010. The primary issue is whether the Court should vary from Defendant Reginald Hall's advisory guideline range, 151 to 188 months, to a sentence in a range of 77 to 96 months. Because the Court believes the guideline range is inappropriate in this case, the Court will grant Hall's request for a variance, but not to the degree he requests. The Court will sentence Hall to 120 months in the custody of the Bureau of Prisons ("BOP").

**FACTUAL BACKGROUND**

      The period in which Hall has been violating the law spans twenty-one years. Hall has a criminal history that began when he was seventeen-years old. He is now thirty-eight years old. He thus has spent a significant part of his life breaking the law.

      Hall was raised in a part of Kansas City, Missouri known for violence and gang activity. See Sentencing Memo. at 2-3; Presentence Investigation Report ¶ 66, at 23 (disclosed February 5, 2010)("PSR"). He joined one of the local gangs, and he was sent to prison

for the first time at the age of nineteen. See Sentencing Memo. at 3; PSR ¶ 66, at 23; Id. ¶ 68, at 24. He has consistently used crack cocaine, often on a daily basis, since the tenth grade. See Sentencing Memo. at 3. His substance abuse stopped for a brief period of time -- approximately one-and-one-half years. When he moved to New Mexico, however, he soon found a supply of crack cocaine and continued his drug use. See id.

### 1. Career Offender Status.

Hall's criminal history qualifies him as a career offender. Two of his qualifying convictions, from June 27, 1995, and July 24, 1995, are for drug trafficking by distribution. See PSR ¶ 27, at 8; Sentencing Memo. at 2. Both convictions involved the sale of single rocks of crack cocaine. See Sentencing Memo. at 2. Hall's third qualifying conviction is a March 3, 2003 conviction for robbery. On September 8, 2002, Hall drove up alongside a woman exiting a drugstore and grabbed her purse, dragging the woman for approximately twenty feet through the parking lot. See PSR ¶ 47, at 18-19.

### 2. Hall's Current Offense.

On October 9, 2008, Hall entered the Bank of America in Farmington, New Mexico, and attempted to rob the bank. See Sentencing Memo. at 1. He did not have a firearm or other weapon, although he indicated to the bank teller that he had a gun. See id. When the bank teller opened her cash drawer to give Hall the money, Hall reached over the counter and tried to grab the money out of the cash drawer with both hands. See id. The bank teller reflexively slammed the drawer shut, hitting Hall's hands and causing him to jerk back without getting any money. See id.; Response to Defendant's Sentencing Memorandum at 3, filed April 19, 2010 (Doc. 36) ("United States' Response"). Hall ran out of the bank, dropping a backpack which investigators later found. See Sentencing Memo. at 1. Police responded to the scene and began to search for Hall. See United

States' Response at 3. Residents of a nearby trailer park said they saw a man matching Hall's description run into a trailer. See id. The police surrounded the trailer and called the residents out. See United States' Response at 3. The last person to exit was Hall, wearing different clothing. See PSR ¶ 6, at 4. Investigators found Hall's clothing inside the trailer. See United States' Response at 3-4. After waiving his constitutional rights, Hall confessed to the attempted bank robbery. See Sentencing Memo. at 1-2; United States' Response at 4. Hall states that he awoke that morning craving crack cocaine and needed to rob the bank for money to purchase some of the drug. See Sentencing Memo. at 2.

## PROCEDURAL BACKGROUND

On December 9, 2009, Hall pled guilty to the Indictment, which charged him with a violation of 18 U.S.C. § 2113(a): Attempted Bank Robbery. See Sentencing Memo. at 2; Plea Agreement, filed December 9, 2010 (Doc. 30). The United States Probation Office found that Hall is a career offender. See id. ¶ 27, at 8. Hall's total adjusted offense level is 29. See PSR ¶ 29, at 8. A total offense level of 29 and a criminal history category of VI establishes a guideline imprisonment range of 151 to 188 months. See PSR ¶ 89, at 28.

In his Sentencing Memorandum, Hall argues that the advisory guidelines are too harsh and that the guideline imprisonment range is greater than is necessary to punish him. See Sentencing Memo. at 4. He contends that a sentence within the range of 77 to 96 months would be sufficient without being greater than necessary to provide just punishment and protect the public. See id. He argues that the career offender provision of the guidelines overstates the likelihood of recidivism for drug trafficking offenders, and, in particular, for African-Americans. See Sentencing Memo. at 5. Moreover, Hall argues that the Court should consider his age -- he is thirty-eight years old -- and that he presents a much lower risk of recidivism than he once did. See id. at 7. He also

argues that, where a defendant shows an utter lack of sophistication in committing the criminal activity, a court may view that lack of sophistication as a mitigating factor. See id. at 8.

The United States opposes Hall's request for a reduction from the applicable guideline range and contends that a sentence of 151 months is sufficient but not greater than necessary. See United States' Response at 1. The United States argues that there is nothing in Hall's criminal history to distinguish him in a positive way from others falling within the ambit of the career-offender provision. See id. at 2. It contends that Hall's criminal history shows a propensity to break the law and a complete disdain for the law. See United States' Response at 4. Because of his criminal history and his underlying criminal conduct, the United States argues that a sentence of 151 months is appropriate. See United States' Response at 5.

At the sentencing hearing, Michael Keefe, Hall's attorney, indicated that there are no objections to the PSR. See Transcript of Hearing at 2:18-21 (taken May 3, 2010)("Tr.")(Court, Keefe).[1] Mr. Keefe stated, however, that he wished to add factual information regarding the trailer that Hall entered after fleeing the bank. Paragraph 9 of the PSR indicates that the trailer's owner did not know Hall, but Hall contends that he had known the woman for about a month and had been on a crack cocaine binge with her during the weeks leading up to the bank robbery. See Tr. at 2:21-3:7 (Keefe). Assistant United States Attorney Rumaldo Armijo objected, because the factual basis for his facts in the United States' response were taken from the plea agreement, and Hall pled guilty based on those facts. See Tr. at 3:9-15 (Armijo). Mr. Keefe clarified that he is not asking to change the facts in the plea agreement, but to add Hall's version to the PSR. Hall wishes to clarify that it is his position that he did not break into the trailer, but rather knew the owner

---

[1] The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

-- additional facts which have little to do with the crime charged or to which Hall pled. See Tr. at 3:19-4:4 (Keefe). The Court agreed to add the information contained in paragraph 11 of Hall's Reply to Government's Response to Defendant's Sentencing Memorandum, filed April 21, 2010 (Doc. 38), to paragraph 14 of the PSR as part of Hall's version of the events. See Tr. at 4:17-5:1 (Court).

Mr. Keefe argued that a variance is appropriate, because Hall is not in a similar situation to someone involved in higher-level drug trafficking; he is someone addicted to crack cocaine who needs to be able to feed his habit, and his criminal actions were how he attempted to feed that habit. See Tr. at 9:8-16 (Keefe). Hall argued that the Court should consider sentencing him at the low-end of a sentencing range that does not include the career offender enhancement -- a sentence of 77 months. See Tr. at 11:14-19 (Keefe). The Court inquired how much time Hall has spent in prison, and Hall responded that he has spent about eight years of his life in prison. See Tr. at 16:5-16:16 (Court, Hall).

## ANALYSIS

Hall's total offense level is 29, and his criminal history category is VI, establishing a guideline imprisonment range of 151 to 188 months. Hall requests a variance down to a sentence of 77 months. Because the Court does not believe that the sentence set forth in the guidelines is appropriate for this offense, the Court will grant Hall's request for a variance, but not to the extent that he requests.

With the addition of the information contained in paragraph 11 of Hall's Reply to Government's Response to Defendant's Sentencing Memorandum to paragraph 14 of the PSR as part of Hall's version of the events, the Court adopts the factual findings of the PSR as its own. There being no objections to the application of the guidelines in the PSR, the Court adopts those as

its own as well.  The Court has considered the guidelines, but in arriving at its sentence, the Court has taken into account not only the guidelines, but other sentencing goals.  Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant.  After careful consideration of the circumstances of this case, the Court has determined that the punishment which is set forth in the guidelines is not appropriate for this offense.  Hall employed neither a weapon nor violence in committing the bank robbery, although he told the teller he had a weapon.  Hall has two prior convictions from 1995 for selling one rock of crack cocaine on two different occasions.  These convictions are fairly old, and career criminal enhancement places Hall in the same category as a defendant who was involved in higher-level drug trafficking.  Hall has a drug problem, and with enough time, that problem can probably be resolved.  The Court concludes that a variance downward is appropriate, but not, as Hall requests, to a sentence that excludes the career offender enhancement.

The Court has considered the kinds of sentences and ranges established for similar defendants, and the Court believes that a significant sentence needs to be served here.  Hall has been in jail or prison for a significant period of time, and incarceration has not yet deterred him from his problems with crack cocaine, nor has it deterred him from violating state, local, and now federal laws.  The sentence, therefore, needs to be more significant than the 77 months that Hall requests.

To provide adequate deterrence, the Court's sentence must be more significant than what Hall has received in the state-court system in the past.  Incarceration has not yet worked.  Many of Hall's state sentences were suspended or Hall was placed on probation, and, although he has received significant sentences, he has only served approximately 7 years and 11 months, or about 95 months total.  To comply with the purposes of § 3553(a), the Court believes Hall must serve a significant amount of time in prison for his crime.  In the federal system, a defendant earns good

time credit for exemplary compliance with institutional disciplinary regulations. See 18 U.S.C. § 3624(b). A defendant may receive credit toward the service of his sentence of up to 54 days at the end of each year of the prisoner's term of imprisonment. Moreover, because the Court has recommended that the BOP allow Hall to participate in its 500-hour drug and alcohol program, he may receive a further reduction in his sentence. Under federal law, he must serve eighty-five percent of the stated sentence. There are several possible guideline ranges for a criminal history category of VI that the Court considered below Hall's guideline range of 151 to 188 months: (i) 110-137 months; (ii) 120-150 months; (iii) 130-162 months; and (iv) 140-175 months. Using the low-end of the guideline ranges, eighty-five percent of 110 months is 93.5 months, and eighty-five percent of 120 months is 102 months. It appears that a sentence at the low-end of the 120 to 150 month range -- or about a 3-offense-level variance -- is needed to make certain that Hall serves a greater time than he has so far spent in custody.

To ensure that Hall serves more time than the 7 years and 11 months he served for his previous convictions, the Court will sentence Hall to 120 months. After careful consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court believes that a sentence of 120 months is appropriate. A sentence of 120 months reflects the seriousness of attempting to rob a bank. The sentence also ensures that, if Hall receives good-time credits each year and credit for participating in the BOP's drug and alcohol program, he will still serve approximately 102 months of his sentence.[2] A sentence of 120 months, therefore, is necessary to provide adequate deterrence and

---

[2] As an additional justification for the Court's sentence, the Court also believes that the career enhancement, as applied to Hall, produced a sentence that is too high, because two of the offenses are rather old trafficking offenses; given Hall's criminal history, however, some enhancement is appropriate. The PSR correctly applied U.S.S.G. § 4B1.1(b)(C), which provides an offense level of 32. The Court believes, however, a sentence more like one that a defendant who receives an enhancement under § 4B1.1(b)(D), which provides an offense level of 29, is an

promote respect for the law -- both by the general public and by Hall.  Ultimately, the Court hopes that the time Hall serves in incarceration will enable him to break his addiction to crack cocaine, which has plagued him throughout his life and instigated many of his crimes, including this one.  The reduction from the guideline range recognizes that Hall's offense did not involve a weapon or violence, no one was injured in his attempted robbery, and the age of Hall's two trafficking convictions.  The length of the sentence promotes respect for the law -- both by the general public and also by Hall.  The length of the sentence also protects the public for a long time and otherwise fully reflects each of the factors set forth in 18 U.S.C. § 3553(a).  While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citing United States v. Wilms, 495 F.3d 277, 281 (6th Cir. 2007)(internal quotation marks omitted))) -- this sentence is more reasonable than one within the guidelines.  Finally, the Court believes a sentence of 120 months is sufficient without being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act.

**IT IS ORDERED** that Defendant Reginald Hall's request for a variance in his Sentencing Memorandum is granted in part and denied in part.  The Court sentences Defendant Reginald Hall to a term of 120 months in the custody of the Bureau of Prisons.

---

appropriate variance in these circumstances.  With the 3-level reduction for acceptance of responsibility, a defendant with an offense level of 26 and a criminal history category of VI would have a guideline sentencing range of 120-150 months.

_____
                                                                                                     UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Rumaldo R. Armijo
  Assistant United States Attorney
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*

Michael A. Keefe
  Assistant Federal Public Defender
Albuquerque, New Mexico

        *Attorney for the Defendant*