AO 245B (Rev 12/03) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Reginald Lamont Hall** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:08CR02573-001JB**<br>USM Number: **40994-051**<br>Defense Attorney: **Michael Keefe, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment**
☐ pleaded nolo contendere to count(s)
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. Sec. 2113(a) | Attempted Bank Robbery | 10/09/2008 | |

The defendant is sentenced as specified in pages 2 through **6** of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| **San Juan** | **May 3, 2010** |
| County of Residence | Date of Imposition of Judgment |
| | **/s/ James O. Browning** |
| | Signature of Judge |
| | **Honorable James O. Browning**<br>**United States District Judge** |
| | Name and Title of Judge |
| | **November 19, 2010** |
| | Date Signed |

Defendant: **Reginald Lamont Hall**
Case Number: **1:08CR02573-001JB**

# IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **120 months**.

**Hall`s total offense level is 29, and his criminal history category is VI, establishing a guideline imprisonment range of 151 to 188 months. Hall requests a variance down to a sentence of 77 months. Because the Court does not believe that the sentence set forth in the guidelines is appropriate for this offense, the Court will grant Hall`s request for a variance, but not to the extent that he requests.**

**With the addition of the information contained in paragraph 11 of Hall`s Reply to Government`s Response to Defendant`s Sentencing Memorandum to paragraph 14 of the PSR as part of Hall`s version of the events, the Court adopts the factual findings from the Presentence Investigation Report ("PSR") as its own. There being no objections to the application of the guidelines in the PSR, the Court adopts those as its own as well. The Court has considered the guidelines, but in arriving at its sentence, the Court has taken into account not only the guidelines, but other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. After careful consideration of the circumstances of this case, the Court has determined that the punishment which is set forth in the guidelines is not appropriate for this offense. Hall employed neither a weapon nor violence in committing the bank robbery, although he told the teller he had a weapon. Hall has two prior convictions from 1995 for selling one rock of crack cocaine on two different occasions. These convictions are relatively old, and career criminal enhancement places Hall in the same category as a defendant who was involved in higher-level drug trafficking. Hall has a drug problem, and with enough time, that problem can probably be resolved. The Court concludes that a variance downward is appropriate, but not, as Hall requests, to a sentence that eliminates the effect of the career offender enhancement.**

**The Court has considered the kinds of sentences and ranges established for similar defendants, and the Court believes that a significant sentence needs to be served here. Hall has been in jail or prison for a significant period of time, and incarceration has not yet deterred him from his problems with crack cocaine, nor has it deterred him from violating state, local, and now federal laws. The sentence, therefore, needs to be more significant than the 77 months that Hall requests.**

**To provide adequate deterrence, the Court`s sentence must be more significant than what Hall has received in the state-court system in the past. Incarceration has not yet worked. Many of Hall`s state sentences were suspended or Hall was placed on probation, and, although he has received significant sentences, he has only served approximately 7 years and 11 months, or about 95 months total. To comply with the purposes of § 3553(a), the Court believes Hall must serve a significant amount of time in prison for his crime. In the federal system, a defendant earns good time credit for exemplary compliance with institutional disciplinary regulations. See 18 U.S.C. § 3624(b). A defendant may receive credit toward the service of his sentence of up to 54 days at the end of each year of the prisoner`s term of imprisonment. Moreover, because the Court has recommended that the BOP allow Hall to participate in its 500-hour drug and alcohol program, he may receive a further reduction in his sentence. Under federal law, he must serve eighty-five percent of the stated sentence. There are several possible guideline ranges for a criminal history category of VI that the Court considered below Hall`s guideline range of 151 to 188 months: (i) 110-137 months; (ii) 120-150 months; (iii) 130-162 months; and (iv) 140-175 months. Using the low-end of the guideline ranges, eighty-five percent of 110 months is 93.5 months, and eighty-five percent of 120 months is 102 months. It appears that a sentence at the low-end of the 120 to 150 month range -- or about a 3-offense-level variance -- is needed to make certain that Hall serves a greater time than he has so far spent in custody.**

**To ensure that Hall serves more time than the 7 years and 11 months he served for his previous convictions, the Court will sentence Hall to 120 months. After careful consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court believes that a sentence of 120 months is appropriate. A sentence of 120 months reflects the seriousness of attempting to rob a bank. The sentence also ensures that, if Hall receives good-time credits each year and credit for participating in the BOP`s drug and alcohol program, he will still serve approximately 102 months of his sentence. A sentence of 120 months, therefore, is necessary to provide adequate deterrence and promote respect for the law -- both by the general public and by Hall. Ultimately, the Court hopes that the time Hall serves in incarceration will enable him to break his addiction to crack cocaine, which has plagued him throughout his life and fueled many of his crimes, including this one. The reduction from the guideline range recognizes that Hall´Â s offense did not involve a weapon or violence, no one was injured in his attempted robbery, and the age of Hall`s two trafficking convictions. The length of the sentence promotes respect for the law -- both by the general public and also by Hall. The length of the sentence**

also protects the public for a long time and otherwise fully reflects each of the factors set forth in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citing United States v. Wilms, 495 F.3d 277, 281 (6th Cir. 2007)(internal quotation marks omitted))) -- this sentence is more reasonable than one within the guidelines. Finally, the Court believes a sentence of 120 months is sufficient without being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act.

As an additional justification for the Court`s sentence, the Court also believes that the career enhancement, as applied to Hall, produced a sentence that is too high, because two of the offenses are rather old trafficking offenses; given Hall`s criminal history, however, some enhancement is appropriate. The PSR correctly applied U.S.S.G. § 4B1.1(b)(C), which provides an offense level of 32. The Court believes, however, a sentence more like one that a defendant who receives an enhancement under § 4B1.1(b)(D), which provides an offense level of 29, is an appropriate variance in these circumstances. With the 3-level reduction for acceptance of responsibility, a defendant with an offense level of 26 and a criminal history category of VI would have a guideline sentencing range of 120-150 months.

☒   The court makes these recommendations to the Bureau of Prisons:

   **The Court recomemnds a facility in Arizona or Oklahoma, if eligible.**
   **The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☒   The defendant is remanded to the custody of the United States Marshal.
☐   The defendant must surrender to the United States Marshal for this district:
   ☐   at  on
   ☐   as notified by the United States Marshal.
☐   The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐   before 2 p.m. on
   ☐   as notified by the United States Marshal
   ☐   as notified by the Probation or Pretrial Service Office.

# RETURN

I have executed this judgment by:


Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

                                        _____
                                        UNITED STATES MARSHAL


                                        _____
                                        Deputy United States Marshal

AO 245B (Rev. 12/03) - Sheet 3 - Supervised Release

Defendant: **Reginald Lamont Hall**
Case Number: **1:08CR02573-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐  The above drug testing condition is suspended based on the courts determination that the defendant possesses a low risk of future substance abuse. (Check, if applicable.)

☒  The defendant shall not possess a firearm, ammunition, destructive device, or any dangerous weapon. (Check, if applicable).

☒  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).

☐  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)

☐  The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program throughout the term of supervised release as directed by the probation officer;

6)   the defendant shall notify the probation officer ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

AO 245B (Rev. 12/03) Sheet 3 | Judgment - Page 5 of 6

Defendant: **Reginald Lamont Hall**
Case Number: **1:08CR02573-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall not possess, have under his control, or have access to any firearm, ammunition, explosive device, or other dangerous weapons, as defined by federal, state, or local law.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting controlled substances and dangerous weapons at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

**The Defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing or outpatient counseling. The Defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance testing device or procedure. The Defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The Defendant must participate in and successfully complete a mental health treatment program, which may include outpatient counseling, or prescribed medication as approved by the probation officer. The Defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Office.**

AO 245B (Rev.12/03) Sheet 5, Part A - Criminal Monetary Penalties

Judgment - Page 6 of 6

Defendant: **Reginald Lamont Hall**
Case Number: **1:08CR02573-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐        The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | **$100.00** | **$0.00** | **$0.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A    ☒    In full immediately; or

B    ☐    $  immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties:Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Pursuant to the Mandatory Restitution Act of 1996, there were no losses assessed to this case; therefore, restitution will not be ordered.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.